Cox *v.* The State of Ohio.

(No. 87-03732WI—Decided December 19, 1988.)

Court of Claims of Ohio.

*Douglas S. Roberts* and *Harry Reinhart,* for plaintiff.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Simon B. Karas,* for defendant.

LEACH, J. The court hereby renders judgment in favor of plaintiff and against defendant in the amount of $110,000, distributed as set forth in the judgment. For the reasons set forth in the findings of fact and conclusions of law, plaintiff is adjudged to be a wrongfully imprisoned individual and is entitled to the above amount as a matter of fact and law.

Findings of Fact

Plaintiff, Bradley Charles Cox, was convicted in case No. CR-80-4-48, Athens County, of aggravated burglary and aggravated robbery. In addition, plaintiff was convicted in case No. CR-80-10-120, Athens County, of rape. As a result, plaintiff was sentenced to serve seven to twenty-five years' imprisonment, in consecutive terms for each crime of which he was convicted.

Plaintiff was also convicted in case No. 8363, Fairfield County, of two counts of rape, four counts of aggravated robbery and two counts of aggravated burglary. As a result, plaintiff was sentenced to serve seven to twenty-five years' imprisonment, in consecutive terms, for each count as set forth above.

Following conviction and sentence, further investigation led to evidence that another individual committed the crimes for which plaintiff was convicted, to wit: in December 1981, John Barry Simonis confessed to committing the above crimes.

On January 12, 1982, the Prosecuting Attorney of Athens County entered a dismissal as to each of the charges in that county. Further, on January 22, 1982, the Prosecuting Attorney of Fairfield County entered a dismissal as to each of the charges in that county.

On November 17, 1986, plaintiff filed a petition for a declaration that he was a "wrongfully imprisoned individual," per R.C. 2305.02, in the Court of Common Pleas of Athens County. On March 4, 1987, after interim proceedings, the Court of Common Pleas of Athens County declared plaintiff to be a "wrongfully imprisoned individual." The declaration related to both the Athens and Fairfield County convictions. Fairfield County officials waived any contention as to venue. No appeal was taken from this declaration.

As a result of the convictions, plaintiff was incarcerated in the Ohio reformatory system from May 2, 1980 until his release on January 23, 1982. This constituted a period of one year and two hundred sixty-seven days.

During the course of the criminal

proceedings, plaintiff was represented by court-appointed counsel and the Ohio Public Defender's office. During the course of the proceedings to declare plaintiff wrongfully imprisoned, and this proceeding, plaintiff was and is being represented by counsel of his own choosing, Douglas Roberts and Harry Reinhart, who have expended 158.20 hours in the course of those proceedings. In addition, associate counsel have expended 160.25 hours, and expenses of $2,840.83 have been incurred.

During the time period between his arrest, and his release from imprisonment, plaintiff was not employed. Plaintiff's most recent, significant employment before arrest was military service.

### Conclusions of Law

R.C. 2743.48(A)(1) to (4) define a "wrongfully imprisoned individual" as including a person charged by indictment with a felony, who is thereafter found guilty of such felony and sentenced to a term of imprisonment in a state penal institution, and who subsequently obtains a determination by a court of common pleas that the offense of which he was found guilty "was not committed by him." R.C. 2743.48(E)(1) further provides that in a civil action in this court, the complainant may establish that he is a "wrongfully imprisoned individual" by submitting the determination of the court of common pleas of wrongful imprisonment. The "determination" is all the evidence required to establish wrongful imprisonment in this court and the determination is entitled to an irrebuttable presumption. Plaintiff has shown that he meets all the conditions for wrongful imprisonment and has, in addition, submitted the determination of the Court of Common Pleas of Athens County to that effect. Therefore, plaintiff is a "wrongfully imprisoned individual."

R.C. 2743.48(E)(2)(a) to (c) provide a statutory formula for compensation of a wrongfully imprisoned individual. R.C. 2743.48(E)(2)(a) provides for compensation of the costs, including reasonable attorney fees in connection with the criminal process against plaintiff. No request is made in this category and the court expresses no opinion as to whether costs of court-appointed counsel may be reimbursed. R.C. 2743.48(E)(2)(b) provides for $25,000 per year of imprisonment and a pro rata share for any portion of a year. The amount plaintiff is entitled to for one year and two-hundred sixty-seven days of imprisonment is $49,451. R.C. 2743.48(E)(2)(c) provides for compensation of lost income that resulted from the plaintiff's arrest, prosecution, conviction, and wrongful imprisonment. The amount awarded herein is $35,549.

R.C. 2743.48(F)(2) provides that plaintiff is entitled to reasonable attorney fees for his counsel in prosecuting the civil action. The court hereby awards $25,000.

Wherefore, it is ordered and adjudged that plaintiff is a "wrongfully imprisoned individual." The clerk of this court shall forward a certified copy of this judgment to the President of the Controlling Board, pursuant to R.C. 2743.48(G).

*Judgment accordingly.*